OPINION
{¶ 1} Appellant, Tina Mills, appeals the decision of the Clermont County Court of Common Pleas, affirming the decision of the Union Township Board of Zoning Appeals ("BZA") denying appellant's application for a conditional use permit, and granting injunctive relief. We affirm the trial court's decision.
 {¶ 2} Appellant owns a parcel of property on Glen Este-Withamsville Road in Union Township ("the Township") where she operates a law office. The property is zoned R-1, residential. In 2002, appellant made improvements and modifications to the property inconsistent with the R-1 zoning designation, including the addition of at least six parking places in the property's front yard.
 {¶ 3} Appellant, after completion of the alterations, filed an application for a conditional use permit so that she could use the property for a home occupation. Because the Township zoning code provides that no more than two additional parking spaces may be proposed in conjunction with a home occupation, and may not be located in a required front yard, the township sought injunctive relief to prevent appellant from conducting the home occupation. The BZA denied appellant's application, finding that her use of the property continued to be nonconforming due to the existence of more than the two parking places permitted for a conditional use, and their location in the property's front yard. Appellant appealed this decision to the common pleas court, and the matter was consolidated with the Township's request for injunctive relief. The lower court affirmed the BZA's decision, finding that it was supported by a preponderance of substantial, reliable and probative evidence, and ordered that appellant be enjoined from using the property as a law office. She appeals, raising four assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "TRIAL COURT ERRED WHEN IT DID NOT FIND THAT THE BOARD OF ZONING APPEALS' [SIC] ORDER, ADJUDICATION, OR DECISION WAS UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE, OR UNSUPPORTED BY A PREPONDERANCE OF THE SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD WHEN NO TESTIMONY WAS PRESENTED BEFORE THE BOARD OF ZONING APPEALS OR THE TRIAL COURT."
 {¶ 6} R.C. Chapter 2506 controls the appellate process for review of an administrative action such as the zoning decision at issue in the present case. When reviewing an administrative appeal brought pursuant to R.C. 2506.04, "[t]he common pleas court considers the `whole record,' * * * and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henleyv. Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493. The standard of review to be applied by a court of appeals in a R.C.2506.04 appeal is "limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. The court of appeals' standard of review requires that the common pleas court's decision be affirmed unless the court of appeals finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative and substantial evidence. Smith v.Granville Twp. Bd. of Trustees, 81 Ohio St.3d 608, 613, 1998-Ohio-340.
 {¶ 7} Although the BZA initially had several issues with appellant's alterations to the property, all of them were resolved prior to the consolidated hearing on appellant's conditional use application and the township's application for an injunction, except for the existence of additional parking places. The Union Township Zoning Resolution governing conditional uses in R-1 districts, Section 612(6)(i), provides that "[n]o more than two additional parking spaces may be proposed in conjunction with the home occupation, which shall not be located in a required front yard." Consequently, the issues before the BZA were 1) whether appellant added more than two additional parking places, and 2) whether those parking places were in the front yard.
 {¶ 8} Review of the record, including appellant's own exhibits, demonstrates that more than two additional parking places were added to the property, and review of the zoning code definitions and exhibits confirms that the parking places are located in the property's front yard. Because appellant's use of the property remained nonconforming, we conclude that the trial court did not err by affirming the decision of the BZA.
 {¶ 9} Appellant raises a host of additional issues under this assignment of error, all of which we find meritless. Her allegation that the lower court failed to consider that the Township "has been bothering some of the neighboring parcels" by parking on the parcels to photograph her property is wholly irrelevant to the present matter. Likewise irrelevant is her assertion that the common pleas court failed to consider "maneuvering space" when determining how many parking spaces she had added. Appellant raises a litany of constitutional arguments, including ones related to due process violations, equal protection violations, violations of her right to free speech, and police power abuses. None of these arguments were made before the lower court, and the failure to raise these alleged constitutional defects before the trial court level constitutes a waiver of the issues on appeal. See State v.Awan (1986), 22 Ohio St.3d 120. While an appellate court reserves discretion to consider constitutional issues even though waived, see Inre M.D. (1988), 38 Ohio St.3d 149, we decline to do so in this instance as appellant's arguments fail to demonstrate any error.
 {¶ 10} Appellant's contention that the lower court erred by not permitting witnesses to testify fails as, under R.C. 2506.03, the common pleas court is "confined to the record as filed," with certain exceptions, none of which she argues are applicable in the present case. Appellant's contention that the court erred by not ordering the BZA to grant a variance is puzzling. The matters at issue were her conditional use request, and the Township's request for injunctive relief. Appellant had not requested a variance. Finally, we decline to consider her contention regarding the exhaustion of administrative remedies as she fails to even allege any error, but rather makes a single statement that "courts will generally require potential litigants to exhaust administrative remedies." See App.R. 12(A)(2); App.R. 16(A)(7); see, also, State v. Watson (1998), 126 Ohio App.3d 316, 321. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "WHETHER THE PROPERTY OWNER AND ALL OF ITS TENANTS SHOULD BE NAMED AS PARTIES IN A LAWSUIT INVOLVING A DISPUTE REGARDING ZONING."
 {¶ 13} We decline to consider appellant's second assignment of error as appellant has again failed to argue the alleged error with any specificity, and has failed to cite any legal authority in support of her contention. See App.R. 12(A)(2); App.R. 16(A)(7); see, also, Watson.
 {¶ 14} Assignment of Error No. 3:
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT TRIED TO ENJOIN TINA MILLS FROM USING THE PROPERTY WHEN THE TOWNSHIP DID NOT EVEN REQUEST THAT AT THE HEARING."
 {¶ 16} In her third assignment of error, appellant contends that the township never requested the injunctive relief that the common pleas court granted. Contrary to appellant's assertion, the record demonstrates that the Township requested injunctive relief due to appellant's nonconforming use of the property. The matter was consolidated with appellant's appeal of the BZA's decision for trial.
 {¶ 17} At the conclusion of the hearing, appellant, counsel for the Township and the lower court discussed the disposition of the matter. The court concluded that reversal of the BZA's decision would result in the denial of the Township's request, and that injunctive relief would be proper if the BZA's decision were affirmed. We find no support in the record for appellant's contention that the common pleas court granted relief which was not sought, and consequently overrule the third assignment of error.
 {¶ 18} Assignment of Error No. 4:
 {¶ 19} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT PERMIT A CONTINUANCE OF THE HEARING[.]"
 {¶ 20} In her final assignment of error, appellant contends that the court abused its discretion when it denied her request for a continuance.
 {¶ 21} A lower court has broad discretion when determining whether to grant or deny a motion for continuance. State v. Unger (1981),67 Ohio St.2d 65, 67. Absent an abuse of discretion, a trial court's denial of a motion for continuance will not be reversed. Id. To find an abuse of discretion, we must determine that the lower court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 22} When ruling on a motion for a continuance, "[t]he trial court balances the court's interest in controlling its docket and the public's interest in an efficient judicial system with the possibility of prejudice to the [movant]." Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 208. The court may consider factors such as the length of the delay requested, prior requests for continuances, the legitimacy of the request for a continuance, whether the movant contributed to the circumstances which gave rise to the request for a continuance, inconvenience to the parties, counsel, and the court, and "other relevant factors, depending on the unique facts of each case." Id.
 {¶ 23} We must first dispel appellant's contention that the Township consented to her request for a continuance. While counsel for the Township had "agreed to a continuance if it was done yesterday," that "didn't happen," and counsel further stated that "we prepared for this hearing, and we're ready to go here today." Counsel continued, clearly stating that, "we would object to any kind of continuance."
 {¶ 24} In the case at bar, the common pleas court found that a continuance was not warranted, noting the length of time that the matter had been pending, that the matter had once settled but the agreement was later disputed, that the matter had been set for hearing twice before, that appellant had known for more than a month that the matter was scheduled for a hearing, and the fact that appellant did not retain new counsel until two or three days before the hearing. The counsel appearing in court on her behalf stated that he was there only "on a limited basis" to seek the continuance, and that another attorney in the same firm was "in the process of evaluating this case." Under these circumstances, we do not find that the lower court abused its discretion when it denied appellant's request for a continuance. The fourth assignment of error is overruled.
 {¶ 25} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.