OPINION
{¶ 1} Plaintiff-appellant, Shamrock Materials, Inc., appeals a decision from the Butler County Court of Common Pleas affirming the denial of a conditional use permit by defendant-appellee, Butler County Board of Zoning Appeals ("BZA"). We reverse and remand.
 {¶ 2} Shamrock is the owner-operator of a gravel mining operation in Madison *Page 2 
Township. The site is located to the west and south of a residential settlement along Radabaugh Road. Shamrock's current operation involves the "wet mining"[1] of 390 acres which produces sand, gravel and other aggregate materials for use in concrete manufacturing, masonry sand, road construction and commercial, industrial, and residential development. The current site operates under a series of conditional use permits granted by the Butler County BZA.
 {¶ 3} Desiring to expand its operations, Shamrock entered into a contract to acquire a 66.4 acre parcel of land near the existing operation.[2] The land is situated to the west of the Great Miami River and runs along the east side of Radabaugh Road. The majority of the land is currently classified as "F-1 Flood Plain District" with a small portion of the northwest corner within the "A-1 Agricultural District." Under the Butler County Zoning Resolution, gravel mining operations are permitted in both F-1 and A-1 districts as conditional uses. Shamrock submitted an application for a conditional use permit for the prospective site.
 {¶ 4} On December 19, 2006, Shamrock's application was heard by the Butler County BZA. Shamrock presented an explanation of the proposed activities and presented expert testimony to address several issues raised by the BZA including potential subsidence, risk of flooding, environmental issues, and water quality. Several residents of Radabaugh Road also addressed the BZA, presenting problems they experienced with Shamrock's existing mining operation and expressing their concerns relative to an expansion of the operation. Despite Shamrock's expert testimony, residents stated that they had experienced subsidence and flooding on their property; the mining operation was very noisy and *Page 3 
continued until three or four o'clock in the morning; the mining would create dust and would lead to diminution of property values. Residents also expressed concern that the creation of the second lake would be dangerous to children living in the area and the new operation would turn Radabaugh Road (and the residential property) into a "peninsula" because there would be large lakes on both sides of the road.
 {¶ 5} The BZA denied the conditional use permit. The BZA concluded that Shamrock's expanded mining operation "would be in conflict with the Butler County Comprehensive Development Plan" and "would adversely impact the safety and welfare of neighboring residents" by creation of child safety issues, unavoidable noise, and "creation of a residential `island' resulting in limited ingress-egress and the possible loss of property values."
 {¶ 6} Shamrock appealed the decision to the Butler County Court of Common Pleas. The court affirmed the decision of the BZA. Appellant timely appeals, raising one assignment of error:
 {¶ 7} "THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE ZONING BOARD'S DENIAL OF A CONDITIONAL USE APPLICATION WHEN THE DENIAL WAS THE PRODUCT OF ILLEGAL FACTORS, LEGALLY DEFICIENT CONJECTURAL TESTIMONY, AND ARBITRARY ACTION OF THE ZONING BOARD MEMBERS."
 {¶ 8} In its sole assignment of error, Shamrock argues the common pleas court erred in affirming the BZA's denial of the conditional use permit. In support of its argument, Shamrock raises three issues for review. First, Shamrock argues that the Revised Code limits local zoning of mineral extraction to considerations of public health and safety only, and the BZA exceeded its authority by basing its denial on matters involving the general welfare. Shamrock asserts that consideration of the county's development plan, noise, and creation of a "residential island" which may adversely affect property values are unauthorized general *Page 4 
welfare interests. Second, Shamrock argues the safety reasons expressed by the BZA for the denial of the permit were based on conjecture and speculation. Finally, Shamrock argues the findings were not supported by the preponderance of substantial, reliable and probative evidence.
 {¶ 9} Appeals of administrative agency decisions are governed by R.C. Chapter 2506. The standard of review in R.C. Chapter 2506 administrative appeals imposed upon a common pleas court varies distinctly from the standard of review imposed upon an appellate court. A common pleas court reviewing an administrative appeal pursuant to R.C. 2506.04 weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Shields v. Englewood, 172 Ohio App.3d 620,2007-Ohio-3165, ¶ 28.
 {¶ 10} An appellate court's review of such an administrative appeal, however, is more limited in scope. Henley v. Youngstown Bd. of ZoningAppeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, quoting Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. Unlike the common pleas court, the appellate court does not weigh the evidence or determine questions of fact. Henley at 147. Rather, the appellate court must affirm the common pleas court's decision unless it finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Mills v. Union Twp. Bd. of ZoningAppeals, Clermont App. No. CA2005-02-013, 2005-Ohio-6273, ¶ 6.
 {¶ 11} Unlike municipalities, counties have no inherent home rule or police powers. Geauga County Board of Commissioners v. Munn Road Sand Gravel, 67 Ohio St.3d 579, 1993-Ohio-55. Rather, a county's authority is dependent upon an express grant by the General Assembly. Id.
 {¶ 12} R.C. 303.02 sets forth the enabling legislation for county zoning. In the area of *Page 5 
mining operations, R.C. 303.02(A) specifically provides that "[f]or any activities permitted and regulated under Chapter 1513 [coal surface mining] or 1514 [other surface mining] of the Revised Code and any related processing activities, the board of county commissioners may regulate under the authority conferred by this section only in the interest of public health or safety."
 {¶ 13} The BZA's findings of fact in this case stated:
 {¶ 14} "Although surface mining is a listed conditional use in an A-1 zoning district, Butler County Planning Department interpretation indicates that such a use in this location would be in conflict with the Butler County Comprehensive Development Plan. The Board of Zoning Appeals concurs with this interpretation.
 {¶ 15} "The granting of this conditional use would adversely impact the safety and welfare of neighboring residents in the following ways:
 {¶ 16} "Creation of child safety issues resulting from the proximity of another lake,
 {¶ 17} "Creation of unavoidable noise inherent in the operations of mining,
 {¶ 18} "Creation of a residential `island' resulting in limited ingress-egress and the possible loss of property values."
 {¶ 19} The common pleas court held that "[u]nder R.C. 303.02(A), the BZA was permitted to consider only the interests of public health and safety. Based on the transcript of the hearing and the written conclusions, the BZA considered the health, safety, and welfare of the neighboring residents, thus exceeding the scope authorized by the Ohio Revised Code."
 {¶ 20} However, the common pleas court further determined that "[a]lthough the BZA scope of review was broader than the permitted health and safety, the inclusion of `welfare' does not render BZA's decision illegal. Even if the welfare concerns are stricken from the BZA findings, the remaining safety reasons are valid and sufficient reasons to deny *Page 6 
Shamrock's application. * * * In its conclusions the BZA explicitly denied Shamrock's application because of a concern for the safety of children and implicitly denied it out of safety concerns due to the limited ingress-egress to the residences located on Radabaugh Road."
 {¶ 21} We disagree with the common pleas court's decision. The lower court correctly found that the Revised Code limits a county to only consider interests of public health and safety when regulating mining operations. Further, the common pleas court properly found that the BZA exceeded its statutory authority by considering welfare.
 {¶ 22} Nevertheless, the common pleas court found that the BZA would deny the permit based on the remaining safety concerns.[3] This conclusion is not supported by reliable, probative, and substantial evidence. The court found that "the remaining safety reasons are valid and sufficient reasons to deny" the application. The safety reasons expressed by the BZA may be "valid and sufficient reasons" to deny the application, but it is unclear whether the BZA would have actually denied the permit based on these safety reasons alone.
 {¶ 23} The common pleas court substituted its judgment for that of the BZA. The BZA stated in its findings of fact that the application was denied for "safety and welfare" concerns. There is no evidence in the record that demonstrates the BZA would have denied the application without considering the impermissible "welfare" factors.
 {¶ 24} The BZA's decision was based, in part, upon factors outside of its statutory authority. This court does not know, nor does the common pleas court know, whether the BZA would have denied the application without considering the welfare factors. Upon finding that the BZA's decision was based upon factors outside its scope of authority, the common *Page 7 
pleas court should have remanded the case for a new hearing.
 {¶ 25} Shamrock's remaining issues for review are moot.
 {¶ 26} Judgment reversed and remanded to the common pleas court for proceedings according to law and consistent with this opinion.
WALSH, P.J., and YOUNG, J., concur.
[1] Mineral extraction which occurs under water. This type of mining involves the use of a dredge to scrape aggregate material from the sides and bottom of a pond or lake. The loosened material is then brought to the surface through a pipe. The aggregate is then separated from the water using a dewatering wheel.
[2] Shamrock contracted to purchase 44 of the acres with a right of first refusal as to the remainder of the parcel. The entire contract is contingent upon Shamrock obtaining a conditional use permit to mine the parcel.
[3] We note that the BZA denied the application because "conditional use would adversely impact the safety and welfare." The BZA did not find any reasons for the denial based upon health concerns. *Page 1