OPINION
{¶ 1} Appellant, Chester W. Smith, appeals the decision of the Warren County Court of Common Pleas affirming a zoning board's denial of his application for a setback variance for an existing garage on his property.
 {¶ 2} Smith filed an application with appellee, the Warren County Rural Zoning Board *Page 2 
of Appeals ("Board"),[1] asking for a variance from the zoning resolution for a detached garage built in 2000 and situated off the side street of his corner lot. Smith's detached garage was built by the contractor approximately 26 feet from the road when the zoning resolution required a 50-foot setback.[2] The Board voted to deny his application for a variance. Smith appealed to the common pleas court. A magistrate took additional evidence at a hearing and affirmed the Board. The common pleas court overruled Smith's objections, issued its own decision, and filed an entry adopting the magistrate's decision. Smith filed this appeal, presenting three assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN EXCLUDING EVIDENCE THAT A MEMBER OF THE ZONING BOARD WAS ASLEEP DURING THE ADMINISTRATIVE HEARING."
 {¶ 5} Smith argues that the lower court erred when it refused to allow him to question a Board member about allegations that the Board member was sleeping. Smith also contests the court's refusal to permit him to question any other witnesses present at the meeting about whether they observed the Board member sleeping.
 {¶ 6} Smith argues that the case of Libis v. Bd. Zoning Appeals ofAkron (1992), 33 Ohio App.2d 94, which was cited by the common pleas court, is not applicable because he is challenging the board member's mental state, not his thought process. See Libis at 97 (an administrative officer, sitting in a quasi-judicial capacity and required to reach a conclusion based on evidence presented to him, cannot be called by either party to the proceedings and examined as to his mental processes in arriving at such conclusion).
 {¶ 7} We understand Smith's arguments to center on his due process right to be *Page 3 
heard, but we are also cognizant that Smith never raised concerns about the Board member's alleged inattentiveness at the Board hearing, when the issue could have been addressed and remedied.
 {¶ 8} The Board member in question was one of three Board members who voted against Smith's application, with only one Board member voting in favor of the application and one Board member absent.[3]
 {¶ 9} We note that the common pleas court permitted Smith to introduce additional evidence regarding his application for a variance at the hearing before the court, and the court considered that evidence in making its decision.
 {¶ 10} Accordingly, Smith is unable to show that the common pleas court's decision to exclude the evidence about whether a Board member was sleeping was materially prejudicial to him. Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 66 (trial court has broad discretion in determining whether to admit or exclude evidence, and absent an abuse of discretion that materially prejudices party, decision will stand).
 {¶ 11} Smith's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "THOSE SEEKING AN AREA VARIANCE RATHER THAN A USE VARIANCE NEED TO ESTABLISH PRACTICAL DIFFICULTIES RATHER THAN UNNECESSARY HARDSHIP."
 {¶ 14} Smith asks this court to reconsider its position in Dsuban v.Union Twp. Bd. of Zoning Appeals (2000), 140 Ohio App.3d 602, and find instead that an applicant for an area variance from zoning laws need not establish "unnecessary hardship," but need only show *Page 4 
"practical difficulties." We decline Smith's invitation to revisit this issue. See R.C. 303.14; see Dsuban at 608-609 (zoning authority possessed by Ohio townships is limited to that which is specifically conferred by the General Assembly and the same is true for Ohio counties); Schellhardt v. Mercer County Bd. Zoning Appeals, Mercer App. No. 10-07-28, 2008-Ohio-2116, ¶ 17 (statutory language authorizing county boards of zoning appeals to grant variances is identical to that for townships, and that language contains "unnecessary hardship" standard).
 {¶ 15} Smith's second assignment of error is overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY AFFIRMING THE BOARD'S DECISION WHICH DENIED APPELLANT AN AREA VARIANCE."
 {¶ 18} In reviewing the appeal of an administrative decision, the common pleas court must determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The decision of the administrative body is presumed to be valid, and the burden of showing its invalidity rests upon the contesting party.Consolidated Mgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238;Taylor Bldg. Corp. of America v. Clearcreek Township, Warren App. No. CA2001-04-028, 2001-Ohio-8635.
 {¶ 19} An appellate court has a limited function and is required to affirm the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence.Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "Within the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Id. at fn. 4. *Page 5 
 {¶ 20} Smith sets forth arguments related to the nature and weight of the evidence presented and the arbitrariness of setback enforcement in his neighborhood. The common pleas court specifically delineated the evidence presented relative to Smith's various arguments. In addressing the argument related to the arbitrariness of enforcement, the lower court concluded that Smith made no showing that he had been singled out by the zoning inspector for selective and discriminatory enforcement of the setback requirement.
 {¶ 21} Having reviewed the record and considered all of the arguments set forth by Smith under this assignment of error, we do not find that the common pleas court erred in its determination. See R.C. 2506.03; see Taylor, citing to Consolidated Mgt. (evidence in opposition to an application for a variance is not necessary because applicant for variance has the burden to show enforcement of the zoning regulation would result in unnecessary hardship; In re Appeal Of American OutdoorAdvertising, L.L.C., Union App. No. 14-02-27, 2003-Ohio-1820, ¶ 10 (unnecessary hardship results when there is no economically feasible permitted use of the property because of characteristics unique to the property; court found that merely stating that land would be more valuable with variance, or less valuable without it, does not amount to a sufficient hardship; evidence must be presented to show property is unsuitable to any of the permitted uses as zoned, and the hardship was not created by the landowner); W. Chester Twp. Bd. of Trustees v.Speedway Superamerica, L.L.C., Butler App. No. CA2006-05-104,2007-Ohio-2844, ¶ 50 (to support a defense of selective or discriminatory prosecution, there is a heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith).
 {¶ 22} Smith's third assignment of error is overruled. *Page 6 
 {¶ 23} Judgment affirmed.
BRESSLER and YOUNG, JJ., concur.
[1] The file contained references to both the Zoning Board of Appeals and the Board of Zoning Appeals. We will use the name listed on the notice of appeal.
[2] After hearing evidence, the trial court made a finding that the setback requirement was 50 feet, and no party contested that finding.
[3] Smith stresses that the Board member in question played an active role in the defeat of his application because he was the individual who moved for his variance application to be denied. However, the motion to deny the variance was offered only after a motion to grant the variance was made, but failed to receive a second from any other Board member. *Page 1