GALLI, Appellant,

v.

**CITY OF COLUMBUS BOARD OF ZONING ADJUSTMENT, Appellee.**

[Cite as *Galli v. Columbus Bd. of Zoning Adjustment*,
193 Ohio App.3d 415, 2011-Ohio-1896.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–762.

Decided April 19, 2011.

</div>

416

Timothy J. Boone Co., L.P.A., Timothy J. Boone, and Jessica L. Johnson, for appellant.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Westley M. Phillips, for appellee.

SADLER, Judge.

{¶ 1} Appellant, Stephen F. Galli, filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas affirming a decision by appellee, the city of Columbus Board of Zoning Adjustment ("BZA"), in which the BZA upheld a citation for parking and storing vehicles without a certificate of zoning clearance. For the reasons that follow, we affirm.

{¶ 2} On December 7, 2009, a city of Columbus code-enforcement officer issued a citation to appellant for parking vehicles on a piece of property located at 605 East Eleventh Avenue without a certificate of zoning clearance, in violation of section 3305.01 of the Columbus City Code. Appellant filed an appeal with the BZA, which conducted a hearing on the appeal.

{¶ 3} At the hearing, the city presented testimony by Jeff Hann, the city code-enforcement officer who issued the citation, and John Hughes, the city's code-enforcement supervisor. That testimony established that a number of complaints had been received by the city regarding vehicles parked on the property and litter and other debris being left on the property. The property had been completely cleared as a result of an earlier BZA appeal in 2005. Pictures taken in 2007 showed that the property was vacant at that time. The testimony further showed that the property was zoned M, Manufacturing, and that there was no established use. Pictures taken at the time of the issuance of the 2009 citation showed vehicles, including a commercial tow truck, parked on the lot.

{¶ 4} Appellant's counsel appeared at the hearing and offered as evidence a certificate of zoning clearance issued in 1978 for what counsel referred to as the Ohlen Avenue property. Counsel argued that this certificate showed a site plan covering the Ohlen Avenue property and that this included the 11th Avenue parcel. Counsel further argued that the site plan covered by the 1978 certificate specifically contemplated use of the 11th Avenue parcel for parking.

{¶ 5} The BZA considered the certificate and concluded that the certificate did not cover the 11th Avenue parcel. As the basis for this conclusion, the BZA cited the fact that the 11th Avenue parcel was separated from the property covered by the certificate by an alley, that the 11th Avenue parcel had a separate tax-parcel number from the parcels included in the Ohlen Avenue property, and that the lines drawn for the site plan shown in the 1978 certificate did not include all of the 11th Avenue parcel.

{¶ 6} Appellant's counsel then argued that the property at issue was the subject of litigation in the Environmental Division of the Franklin County Municipal Court and that the BZA should wait until that litigation was resolved before taking any action on the appeal. The BZA rejected this argument, again based on the conclusion that the 11th Avenue parcel was not part of the Ohlen

Avenue property and that it was only the Ohlen Avenue property at issue in the municipal court action. Appellant's counsel then asked that the appeal be held until evidence could be submitted showing that the 11th Avenue parcel was part of the Ohlen Avenue property.

{¶ 7} The BZA then proceeded to vote on the appeal and upheld the citation. During their discussion preceding the vote, the BZA members agreed to render a finding of fact that there was no certificate of clearance covering the 11th Avenue parcel that would allow parking on the property. The members further agreed that they would render as a conclusion of law that the citation would be upheld. The BZA then issued a document titled "DECISION, ORDER AND ENTRY," which stated:

### FINDING OF FACTS

Upon the evidence presented at the hearing, each witness testifying under oath, the board makes the following findings of fact:

*No zoning clearance for parcel # 010–016254–00, also known as 605 East Eleventh Avenue*

### ORDER

Based upon all the evidence presented, the board, upon motion duly made and seconded, makes the following order:

*Zoning Code Violation Order # 09470–04171 is sustained.*

(Boldface sic.)

{¶ 8} Appellant appealed the BZA's decision to the Franklin County Court of Common Pleas. Appellant filed a motion seeking to submit additional evidence pursuant to R.C. 2506.03, arguing that he should be allowed to submit additional evidence regarding the historical use of the 11th Avenue parcel. Appellant attached to the brief submitted to the trial court affidavits executed by three individuals: himself, Benvenuto Pezzot, and Michael Bridges. Each of the affidavits asserted that the 11th Avenue parcel had been used to park vehicles since at least 1968. Appellant argued that this evidence of historical use of the 11th Avenue parcel negated the BZA's conclusion that the parcel was a vacant lot with no established use.

{¶ 9} The trial court rendered a decision affirming the BZA's order. The court denied appellant's motion to submit additional evidence, concluding that appellant's argument regarding the additional evidence was actually an argument that the BZA erred when it declined to continue the appeal while the municipal-court action regarding the Ohlen Avenue property was pending in order to allow appellant to submit evidence regarding the outcome of that proceeding and that

the BZA did not abuse its discretion in denying the continuance. The court declined to consider the affidavits appellant attached to his brief, as those affidavits constituted evidence that was not before the BZA at the time it rendered its decision. The court then affirmed the BZA's order, finding that the BZA properly considered the evidence and applied its administrative expertise in the matter, and concluding that the BZA's order was supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 10} Appellant then filed this appeal, and asserts five assignments of error:

I.   The trial court erred in denying Appellant's Motion to Submit Additional Evidence.

II.   The trial court erred in affirming the Board of Zoning Adjustment's rejection of Appellant's Certificate of Zoning Clearance.

III.   The trial court erred in affirming the Board's determination that the property at issue is a vacant lot.

IV.   The Trial court erred in failing to find that C.C. 3305.01 is not applicable to Appellant's property.

V.   The trial court erred in adopting a broad interpretation of C.C. 3305.01 in direct contravention of the Ohio Supreme Court's preference for strict construction of zoning laws.

{¶ 11} Although appellant asserts these five assignments of error in his brief, appellant does not organize his argument around the asserted assignments and does not set forth any separate argument as to some of the assignments. For example, in the first assignment of error, appellant asserts that the trial court erred in overruling his motion to submit additional evidence. However, the only argument regarding this point is contained in the section of appellant's brief setting forth appellant's identification of the issues presented for review, in which appellant makes the bare assertion that the motion should have been granted because the BZA failed to make findings of fact and prevented appellant from offering evidence to refute the BZA's conclusion that the 11th Avenue parcel was not covered by the 1978 certificate of clearance. In the argument section of his brief, appellant does not set forth any separate argument on this point.

{¶ 12} Appellate courts may decline to address assignments of error that are raised but not separately argued in briefing. App.R. 12(A)(2). Furthermore, even if appellant had separately set forth an argument regarding the trial court's denial of his motion to submit additional evidence, appellant's argument as set forth in the statement of issues presented for review has no merit.

{¶ 13} Review of any decision by a board of zoning appeals is governed by R.C. Chapter 2506. *Mills v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. No. CA2005–02–013, 2005-Ohio-6273, 2005 WL 3148143. Pursuant to R.C. 2506.03, a

court of common pleas considering an appeal from a board of zoning appeals is confined to consideration of the record as filed, with certain specific exceptions. Id. In support of his motion to submit additional evidence to the trial court, appellant asserted two of the exceptions set forth in R.C. 2506.03: R.C. 2506.03(A)(2)(d), which allows for submission of additional evidence when the appellant was not permitted to appear in person and was prevented from offering evidence to refute evidence or testimony offered in opposition to the appellant's position, and R.C. 2506.03(A)(5), which allows for submission of additional evidence where the agency whose order is being appealed fails to file with the transcript of proceedings findings of fact supporting the agency's order.

{¶ 14} With respect to appellant's argument that he was prevented from offering evidence to refute the BZA's conclusion that the 11th Avenue parcel was not covered by the 1978 certificate of clearance, appellant's motion argued that the BZA prevented him from offering evidence regarding the historical use of the property, which appellant claimed would have provided an additional basis to challenge the validity of the citation issued for parking vehicles on the 11th Avenue parcel. The trial court noted that, contrary to appellant's assertion that he had sought a continuance from the BZA in order to submit additional evidence regarding the historical use of the 11th Avenue parcel, appellant had sought to continue the proceedings only to wait for the conclusion of the municipal court litigation regarding the Ohlen Avenue property. Because appellant had made no attempt to introduce evidence regarding the historical use of the property at the BZA hearing, the trial court concluded that appellant had not been prevented from offering such evidence.

{¶ 15} We agree with the trial court's conclusion. Nothing in the record shows that appellant attempted to produce evidence regarding the historical use of the 11th Avenue parcel and was prevented by the BZA from introducing that evidence. Consequently, the trial court did not err in denying appellant's motion to submit additional evidence pursuant to R.C. 2506.03(A)(2)(d).

{¶ 16} As for appellant's contention that additional evidence should be allowed pursuant to R.C. 2506.03(A)(5), the trial court concluded that, contrary to appellant's assertion, the BZA did make findings of fact, albeit findings that were very summary in nature. Specifically, the BZA's order stated as findings of fact that there was no certificate of zoning clearance for the 11th Avenue parcel, thus rejecting appellant's argument made at the hearing that the parcel was covered by the 1978 certificate. We agree with the trial court's conclusion regarding R.C. 2506.03(A)(5). The BZA did support its conclusion with findings of fact that sufficiently set forth the basis for the BZA's conclusion upholding the citation.

{¶ 17} Consequently, appellant's first assignment of error is overruled.

{¶ 18} Appellant's second, third, fourth, and fifth assignments of error are interrelated and will therefore be addressed together. By those assignments, appellant argues that the trial court erred by affirming the BZA's order upholding the citation in this case.

{¶ 19} A court of common pleas reviewing an appeal under R.C. Chapter 2506 must determine, from a review of the whole record, whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 735 N.E.2d 433. An appellate court's review is more limited, being confined to a review of questions of law. Id. An appellate court may not weigh the evidence in the same manner as a court of common pleas and may not, except in limited circumstances, substitute its judgment for that of the administrative agency or court of common pleas. Id.

{¶ 20} In arguing that the trial court erred by affirming the BZA's order upholding the citation, appellant continues to take issue with the BZA's rejection of his argument that the 11th Avenue parcel was part of the Ohlen Avenue property and was therefore subject to the 1978 certificate of zoning clearance. First, appellant takes issue with three pieces of evidence upon which the BZA relied in reaching its decision: (1) the fact that the 11th Avenue parcel had a different tax parcel number from the lots listed in the certificate of zoning clearance, (2) the fact that the 11th Avenue parcel was separated from the Ohlen Avenue property by an alley, and (3) the fact that the lines on the site plan did not extend completely to the 11th Avenue parcel.

{¶ 21} In its decision affirming the BZA's order, the trial court concluded that given the BZA's administrative expertise regarding certificates of zoning clearance, it was in the best position to evaluate appellant's claim that the 11th Avenue parcel was included in the 1978 certificate. Thus, the trial court concluded that the BZA's conclusion regarding the 11th Avenue parcel was supported by a preponderance of substantial, reliable, and probative evidence. Given the deference that must be given by an appellate court to the judgments of administrative agencies and courts of common pleas in appeals such as this one, we cannot say that the trial court erred in accepting the BZA's conclusion that the 11th Avenue parcel was not included in the 1978 certificate of zoning clearance for the Ohlen Avenue property.

{¶ 22} Next, appellant argues that there was no evidence to support the BZA's characterization of the 11th Avenue parcel as a vacant lot with no prior established use. Appellant argues that the only evidence provided during the BZA hearing was a picture taken in 2007 showing the parcel with no vehicles parked in

it. Appellant argues that this picture should be more accurately characterized as showing an empty parking lot, as opposed to a vacant lot.

{¶ 23} This argument is, in part, a variation of appellant's argument that he was improperly prevented from offering evidence regarding the historical use of the property. As previously stated, appellant did not attempt to offer any evidence regarding the historical use of the property at the BZA hearing, but instead only sought to argue that the 11th Avenue parcel was part of the Ohlen Avenue property. In the absence of any evidence regarding historical use, we cannot say that the BZA erred in concluding that the only evidence before it, the 2007 photograph, did not show any established use of the property. Consequently, the trial court did not err in affirming the BZA's decision regarding the lack of established use for the property.

{¶ 24} Next, appellant argues that the BZA's upholding his citation order is contrary to law. As in the first argument in support of this contention, appellant argues that section 3305.01 of the Columbus City Code cannot apply in this case because that section of the city code was not adopted until 1979, which was after appellant argues that the 11th Avenue parcel was being used as a parking lot. This argument necessarily depends upon the premise that appellant's argument regarding the established use of the property is correct. The trial court rejected this argument because no evidence of historical use was offered by appellant at the BZA hearing. As stated previously, we cannot say that the trial court erred in rejecting appellant's argument regarding established use of the parcel.

{¶ 25} Finally, appellant argues that the BZA's order was contrary to law because it deprived appellant of the full use of his property, in violation of common law as expressed by the Supreme Court of Ohio favoring strict construction of zoning ordinances in favor of property owners. Consideration of appellant's argument shows that this argument is also simply another variation of the arguments previously raised: that the BZA's decision denies him the benefit of the 1978 certificate of zoning clearance covering the Ohlen Avenue property and further denies him the benefit of the established historical use of the property as a parking lot.

{¶ 26} Appellant's argument in this regard suffers from the same flaws as the other arguments presented. As to the historical use of the property, appellant did not attempt to offer any evidence regarding historical use at the BZA hearing, instead opting to rely entirely on his argument that the 11th Avenue parcel was included in the 1978 certificate of zoning clearance covering the Ohlen Avenue property. Thus, the trial court did not err in concluding that given the evidence in the record before it, the BZA did not err in concluding that there was no established use for the 11th Avenue parcel and therefore did not improperly deprive appellant of the use of his property by reaching that conclusion.

{¶ 27} Similarly, the BZA's conclusion that the 11th Avenue parcel was not included in the 1978 certificate of zoning clearance covering the Ohlen Avenue property simply does not equate to a conclusion that appellant has been improperly deprived of the use of his property. Again, given the deference that must be accorded to the conclusions reached by the BZA and the trial court in appeals such as this one, we cannot say that the trial court erred in finding that the BZA's conclusion that the 11th Avenue parcel was not part of the Ohlen Avenue property and was therefore not covered by the 1978 certificate of zoning clearance was supported by a preponderance of substantial, reliable, and probative evidence.

{¶ 28} Consequently, appellant's second, third, fourth, and fifth assignments of error are overruled.

{¶ 29} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

DORRIAN, J., concurs.

BROWN, J. dissents.

BROWN, Judge, dissenting.

{¶ 30} Being unable to agree with the majority's disposition of the first assignment of error, I respectfully dissent. In general, pursuant to R.C. Chapter 2506.03(A), a trial court's review of a board's order is "confined to the transcript" unless one of several numerated exceptions applies. R.C. 2506.03(A)(5) provides one such exception if a board fails to file with the transcript "conclusions of fact supporting the final order, adjudication, or decision." In instances in which R.C. 2506.03(A)(5) is applicable, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B). Thus, "if the administrative body did not file findings of fact with the transcript, then an appellant is entitled to present additional evidence." *Stanger v. Worthington* (Sept. 23, 1997), 10th Dist. No. 96APE12–1622, 1997 WL 596280. See also *Aria's Way, L.L.C. v. Concord Twp. Bd. of Zoning Appeals,* 173 Ohio App.3d 73, 2007-Ohio-4776, 877 N.E.2d 398, ¶ 29 ("a common pleas court should, when faced with a transcript of proceedings lacking appropriate conclusions of fact, hold an evidentiary hearing to establish the factual basis for the decision being appealed").

{¶ 31} In the present case, the BZA's order, under the heading "findings of fact," contains the following conclusory language: "No zoning clearance for parcel # 010–016254–00, also known as 605 East Eleventh Avenue." The order, however, cites no factual findings or evidence in support of this conclusion. Because

the styled "findings of fact" are insufficient to allow meaningful review by the trial court, I would find that the trial court should have permitted appellant to present additional evidence to determine whether the order of the BZA was illegal, arbitrary, capricious, unreasonable, or unsupported by substantial, reliable, and probative evidence. See *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113 (noting that R.C. 2506.03 "makes liberal provision for the introduction of new or additional evidence").