**ABDALLA ENTERPRISES, Appellant,**

**v.**

**LIBERTY TOWNSHIP BOARD OF TRUSTEES et al., Appellees.**

[Cite as *Abdalla Ents. v. Liberty Twp. Bd. of Trustees,*
196 Ohio App.3d 204, 2011-Ohio-5085.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2011–03–052.

Decided Oct. 3, 2011.

Smith & Hale, L.L.C., and David Hodge, for appellant.

Frost Brown Todd, L.L.C., Scott D. Phillips, and Benjamin J. Yoder, for appellees.

RINGLAND, Judge.

{¶ 1} Plaintiff-appellant, Abdalla Enterprises, appeals from the decision of the Butler County Court of Common Pleas affirming the decision of defendants-

appellees, Liberty Township Board of Trustees and the Liberty Township Board of Zoning Appeals, finding a zoning certificate issued for a fireworks retail store invalid in light of newly enacted revisions to the Liberty Township Zoning Resolution.[1] For the reasons outlined below, we affirm.

{¶ 2} In September 2004, Samuel T. Abdalla, who, at that time, was the owner of appellant, purchased 3.131 acres of land located at 5281 Hamilton–Middletown Road, Liberty Township, Butler County, Ohio, for $125,000.

{¶ 3} On March 17, 2005, the Liberty Township Zoning Department issued zoning certificate No. Z05–0215 to Samuel Abdalla certifying that his property, which he intended to use as the site for a fireworks retail store named "Prism Fireworks, Etc.," conformed to "the applicable provisions of the Liberty Township Zoning Resolution." At that time, the Liberty Township zoning resolution classified a fireworks retail store as a "permitted use." The zoning certificate, while not specifying an expiration date, required Samuel Abdalla to obtain a building permit "prior to commencing work on the proposed improvement."

{¶ 4} On April 7, 2005, appellant received a letter from the Ohio Department of Commerce, Division of State Fire Marshal, granting it preliminary authorization for construction for a new fireworks wholesale facility for fireworks wholesale license number 55–10–0002. Final approval, however, was subject to a "geographic transfer" of the fireworks license.

{¶ 5} On November 14, 2006, over a year after the Butler County building department received a building-permit application, appellant was issued building permit No. 2005–1055 authorizing it to begin construction of the fireworks retail store on the property. Although appellant had surveyed the land, obtained several necessary permits, and created site plans in preparation for development, the building permit expired on November 14, 2007, before any construction on the property had begun. Appellant did not request an extension to its building permit.

{¶ 6} Throughout this time, Safety 4th Fireworks, Inc., d.b.a. Country Fireworks, Inc., another corporation apparently owned by Samuel Abdalla, who, it should be noted, had died in the interim, was engaged in a lengthy legal battle regarding the geographic transfer of three wholesale fireworks licenses, including fireworks license No. 55–10–002, which, at that time, was held by Quality Fireworks and Novelty. See *Ohio Pyro Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal,* Fayette App. Nos. CA2005–03–009 and CA2005–03–011, 2006-Ohio-1002, 2006 WL 522457, reversed 115 Ohio St.3d 375, 2007-Ohio-5024,

---

1.  Pursuant to Loc.R. 6(A) of the Twelfth District Court of Appeals, we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

875 N.E.2d 550, certiorari denied, 552 U.S. 1275, 128 S.Ct. 1652, 170 L.Ed.2d 386. Appellant, who, although it is not particularly clear from the record, was to receive fireworks license No. 55–10–002 following the geographic transfer, was not a party to this litigation.

{¶ 7} On August 7, 2009, the Liberty Township Board of Trustees enacted revisions to the Liberty Township zoning resolution reclassifying a fireworks retail store from a "permitted use" to a "conditional use."

{¶ 8} On September 9, 2009, the zoning inspector for the Liberty Township zoning department sent a letter to Keith Eckles of Marquee Construction, an apparent agent of appellant, informing him "that Zoning Certificate Application # Z05–0215 for the construction of a retail/commercial building for retail fireworks sale is no longer in compliance with the Liberty Township Zoning Resolution." The letter further notified Eckles that if "the owner's (sic) wish to continue with the project, a new permit must be obtained that meets the current regulations in the Liberty Township Zoning Resolution that took effect on August 7, 2009." On October 9, 2009, appellant appealed this decision to the Liberty Township Board of Zoning Appeals.

{¶ 9} On January 12, 2010, after holding a hearing on the matter, and upon reviewing the evidence submitted, which included, among other things, a letter from Eric A. Abdalla on Safety 4th Fireworks letterhead claiming that they had spent in excess of $100,000 in to develop the property, the board denied appellant's appeal. In so holding, the board found that appellant had "failed to establish a vested, nonconforming use of the property for fireworks retail store purposes, and must now comply with the conditional use standards contained in the current Zoning Resolution."

{¶ 10} On February 11, 2010, appellant appealed the board's decision to the Butler County Court of Common Pleas. After briefing by both parties, and upon holding a hearing on the matter, the common pleas court overruled appellant's appeal and affirmed the decision of the board. In so holding, the common pleas court found that appellant "did not demonstrate a substantial nonconforming use for the property and failed to show that it had established a vested right." The common pleas court also found that appellant failed to establish the board's decision as "'unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported' as set forth by Oh. Rev.Code § 2506.04."

{¶ 11} Appellant now appeals from the common pleas court's decision affirming the board's decision finding Samuel Abdalla's zoning certificate invalid in light of the newly enacted revisions to the Liberty Township zoning resolution, raising two assignment of error for review.

### Assignment of Error No. 1

{¶ 12} "The trial court erred by upholding the [board's] decision because it failed to either analyze or apply the correct legal standard for zoning regulation interpretation."

{¶ 13} In its first assignment of error, appellant argues that the common pleas court erred by affirming the board's decision by "disregard[ing its] critical argument on the issue of vague and ambiguous zoning regulation interpretation." We disagree

{¶ 14} Appeals of administrative-agency decisions are governed by R.C. Chapter 2506. *Mansour v. W. Chester Twp. Bd. of Zoning Appeals*, Butler App. No. CA2009–03–073, 2009-Ohio-5641, 2009 WL 3415896, ¶ 6. Pursuant to R.C. 2506.04, in reviewing an administrative appeal, the common pleas court weighs the evidence presented on the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See *Shamrock Materials, Inc. v. Butler Cty. Bd. of Zoning Appeals*, Butler App. No. CA2007–07–172, 2008-Ohio-2906, 2008 WL 2404721, ¶ 9, citing *Shields v. Englewood*, 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972, ¶ 28; see also *Smith v. Warren Cty. Rural Zoning Bd. of Appeals*, Warren App. No. CA2007–05–058, 2008-Ohio-2910, 2008 WL 2404743, ¶ 18.

{¶ 15} Applying these principles, the common pleas court was not required to address each argument raised on appeal. See *Dyke v. Shaker Hts.*, Cuyahoga App. No. 83010, 2004-Ohio-514, 2004 WL 231792, ¶ 65. Instead, as noted, in reviewing an administrative appeal, the common pleas court was required merely to weigh the evidence presented on the whole record and determine whether the administrative order was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Shamrock Materials* at ¶ 9, citing *Shields* at ¶ 28. A review of the record clearly indicates that the common pleas court properly applied this standard in undertaking its review of the board's decision. Therefore, because the court applied the appropriate legal standard when reviewing the board's decision, appellant's first assignment of error is overruled.

### Assignment of Error No. 2

{¶ 16} "The trial court abused its discretion by failing to find appellant expended significant time, effort and money thus vesting its right to construct and by failing to apply the doctrine of estoppel in equity to appellees' refusal to recognize the validity of appellant's unexpired zoning certificate."

{¶ 17} In his second assignment of error, appellant argues that the common pleas court erred by affirming the board's decision by failing to apply the doctrine of estoppel and by failing to find it had a vested right to construct a fireworks retail store on the property.[2] We disagree.

{¶ 18} Unlike a common pleas court, an appellate court's review of an administrative appeal is "more limited in scope," for it does not weigh the evidence or determine questions of fact. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848; *White Castle Sys., Inc. v. W. Chester Twp. Zoning Comm.*, Butler App. No. CA2007–07–157, 2008-Ohio-2738, 2008 WL 2331393, ¶ 9. Instead, in reviewing an administrative appeal, this court must affirm the common pleas court's decision unless it finds, as a matter of law, that the lower court's decision was not supported by a preponderance of reliable, probative, and substantial evidence. *Taylor v. Wayne Twp. Bd. of Trustees*, Butler App. No. CA2008–02–032, 2009-Ohio-193, 2009 WL 119848, ¶ 10, citing *Heiney v. Sylvania Twp. Bd. of Zoning Appeals* (1998), 126 Ohio App.3d 391, 395–396, 710 N.E.2d 725.

{¶ 19} Appellant initially argues that the doctrine of estoppel precluded the common pleas court from affirming the board's decision because it was advised by a "representative of Liberty Township zoning office" that renewing its building permit was unnecessary since it had a valid zoning certificate. However, as the Ohio Supreme Court previously stated, "[The doctrine] of equitable estoppel * * * [is] inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 25. Such is the case here. See, e.g., *W. Chester Twp. Bd. of Trustees v. Speedway Superamerica, L.L.C.*, Butler App. No. CA2006–05–104, 2007-Ohio-2844, 2007 WL 1662242, ¶ 71–73 (finding that a zoning resolution was enforceable against business owner even though a township official erroneously approved the owner's building plan). Therefore, because the doctrine of estoppel is inapplicable here, appellant's first argument is overruled.

{¶ 20} Next, appellant argues that the common pleas court erred by failing to find that appellant had a vested right to build a fireworks retail store on the property. We disagree.

---

2. We note that although often applied interchangeably, the doctrine of estoppel and that of vested rights are separate and distinct legal concepts, for the "defense of estoppel is derived from equity, but the defense of vested rights reflects principles of common and constitutional law." Heeter, Zoning Estoppel: Application of the Principles of Equitable Estoppel and Vested Rights to Zoning Disputes, 1971 Urban L.Ann. 63, 64–65; Hanes, On Vested Rights to Land Use and Development (1989), 46 Wash. & Lee L.Rev. 373, 379–380. Appellant's claims, therefore, will be addressed separately.

{¶ 21} "A vested right is the right to initiate or continue the establishment of a use or construction of a structure which, when completed, will be contrary to the restrictions or regulations of a recently enacted zoning ordinance." Zeigler, Rathkopf's The Law of Zoning and Planning (4th Ed. 2005), Section 70:2. The constitutional protections offered by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution "allow a person to have a *vested right* to the future use of real-property even though the contemplated use was not possible at the time of the effective date of a zoning resolution." (Emphasis sic.) *Natl. Lime & Stone Co. v. Blanchard Twp.*, Hardin App. Nos. 6–04–04 and 6–04–05, 2005-Ohio-5758, 2005 WL 2840493, ¶ 30; *Sellers v. Union Twp. Bd. of Trustees*, Licking App. No. 2009 CA 00073, 2010-Ohio-1138, 2010 WL 1045471, ¶ 50. The Ohio Supreme Court, however, has placed limitations on what can be considered a "vested right." *Jackson Twp. Bd. of Trustees v. Donrey Outdoor Advertising Co.* (Sept. 21, 1999), Franklin App. No. 98AP–1326, 1999 WL 731376, *3.

{¶ 22} The first limitation was pronounced by the Ohio Supreme Court in *Smith v. Juillerat* (1954), 161 Ohio St. 424, 53 O.O. 340, 119 N.E.2d 611. In *Juillerat*, the Ohio Supreme Court had the occasion to assess whether a property owner who had applied for and obtained a license to strip-mine the property, had entered into leases with nearby property owners, and had drilled a hole on the land for testing purposes had established a nonconforming use prior to the adoption of a zoning ordinance prohibiting such conduct. Id. at 424–425. In its decision finding that the property owner had not established a vested right to strip-mine his property, the Ohio Supreme Court stated the following:

{¶ 23} "The rule seems to be that where no substantial nonconforming use has been made of property, even though such use is contemplated, and money has been expended in preliminary work to that end, a property owner has acquired no vested right to such use and is deprived of none by the operation of a valid zoning ordinance denying the right to proceed with his intended use of the property." Id. at 431.

{¶ 24} The court again limited what can be considered a vested right in *Torok v. Jones* (1983), 5 Ohio St.3d 31, 5 OBR 90, 448 N.E.2d 819. Similar to its holding in *Juillerat*, the court in *Torok* held that "[a] property owner fails to acquire a vested right to complete construction and fails to establish a nonconforming use under a township zoning resolution where there has been no substantial change of position, or expenditures, or no significant incurrence of obligations in reliance upon the zoning permit." Id. at paragraph two of the syllabus.

{¶ 25} In applying these principles, Ohio courts, including this court, have found it "[unnecessary] for a person to substantially complete a structure in order

to have a vested right to complete the structure." *Donrey Outdoor Advertising,* 1999 WL 731376, at *4; *Warren Cty. Bd. of Commrs. v. Nextel Communications* (Apr. 26, 1999), Warren App. No. CA98–09–115, 1999 WL 247163, at *12–14. In other words, and as this court has previously stated, "the court's focus is not solely upon whether the property owner has started actual construction upon the property, but the court must also inquire as to whether the owner has changed his position, expended significant time, effort or money, or incurred significant obligations." *Nextel Communications* at *13, citing *Torok* at paragraph two of the syllabus.

{¶ 26} In this case, it is undisputed that appellant had yet to begin actual construction of the fireworks retail store before its building permit expired on November 14, 2007, or before the August 7, 2009 amendments to the Liberty Township zoning resolution took effect. In turn, appellant can establish its alleged vested right to build a fireworks retail store only by showing that it had changed its position, expended significant time, effort, or money, or incurred significant obligations. See id., citing *Torok* at paragraph two of the syllabus. To that end, appellant claims that it spent over $100,000 in "developing [the] property, protecting its state issued fireworks license, and other consultant fees," as well as making "significant expenditures for protracted litigation." The record, however, fails to support such claims.

{¶ 27} Here, although the record does indicate that there was significant protracted litigation regarding the geographic transfer of three fireworks licenses, appellant, while apparently in line to receive one of the fireworks licenses in dispute, was not a party to the litigation. Furthermore, while the record does contain a letter from Eric Abdalla claiming Safety 4th Fireworks spent in excess of $100,000 developing the property, the record is devoid of any evidence indicating what position, if any, Eric Abdalla holds with appellant, or of any evidence establishing the corporate structure connecting appellant to Safety 4th Fireworks.[3] In turn, contrary to appellant's claim otherwise, the only evidence before this court that its actions, as opposed to the actions of a third party, established a vested right, merely indicate that it procured a preliminary authorization for construction from the Ohio Department of Commerce, Division of State Fire Marshall, it received an Ohio EPA permit to install a septic tank, it obtained site development plans from Paul Architectural Group, P.S.C., and it paid

---

3. Appellant also claims that it "was enjoined by a court and ordered *not* to transfer its fireworks license to Butler County." (Emphasis sic.) According to the record before this court, it seems apparent that appellant is confusing itself with Safety 4th Fireworks and Liberty Fireworks, Inc., both of whom were subject to protracted litigation regarding the geographic transfer of their respective fireworks licenses. However, as noted above, appellant was not a party to this litigation.

$2,986.46 to the Butler County building department to secure building permit No. 2005–1055.

{¶ 28} In *Nextel Communications*, this court found that a property owner had established a vested right to complete a telecommunications tower even though it had not begun actual construction of the tower. In so holding, this court found that the property owner presented evidence demonstrating that it had "engaged in extensive bidding and negotiations" in seeking a firm to construct the tower, in securing the lease to the property, in surveying and preparing the construction site at a cost of $53,223, and in obtaining the necessary permits. Id. at 13–14.

{¶ 29} In this case, however, and as noted above, the extraordinarily sparse record merely indicates that appellant procured preliminary authorization from the Ohio Department of Commerce for the construction, received a permit from the Ohio EPA to install a septic tank, surveyed the property and obtained site plans, and received a building permit after paying $2,986.46 to the Butler County Building Department. Nothing in the record convinces this court that such rudimentary actions establish a change in position, nor does this evidence demonstrate that appellant expended significant time, effort, or money, or incurred significant obligations allowing it to establish a vested right to building a fireworks retail store on the property. Moreover, while the record does refer to protracted litigation regarding the geographic transfer of three fireworks licenses, appellant was not a party to this litigation. Sitting as an idle observer to protracted litigation is insufficient to preserve one's rights. Therefore, while our holding is issued with some trepidation, because the common pleas court's decision affirming the board's decision was supported by a preponderance of reliable, probative, and substantial evidence, we find no error in the lower court's decision.[4]

{¶ 30} Accordingly, appellant's second assignment of error is overruled.

Judgment affirmed.

POWELL, P.J., and HUTZEL, J., concur.

---

4. We note that our holding may have very well been different had the record contained evidence indicating that appellant and Safety 4th Fireworks were, in fact, the same party.