[Cite as *Redilla v. Avon Lake*, 2013-Ohio-849.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JACK REDILLA, et al.

     Appellants

     v.

CITY OF AVON LAKE, BOARD OF
ZONING APPEALS, et al.

     Appellees

C.A. No.     12CA010204

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV158796

DECISION AND JOURNAL ENTRY

Dated: March 11, 2013

---

BELFANCE, Judge.

**{¶1}** Appellants Jack Redilla, Donna Dolezal, and Green Sun Research, LLC appeal the decision of the Lorain County Court of Common Pleas which affirmed the decision of the City of Avon Lake, Board of Zoning Appeals ("Board"). For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

**{¶2}** The facts of this case have been previously recited in a prior appeal:

[Mr.] Redilla, [Ms.] Dolezal and Green Sun Research, LLC (collectively "Green Sun"), are the owners of a parcel of lakefront property in Avon Lake, Ohio. Redilla and Dolezal are the sole members of Green Sun. The parcel in question, Parcel C, was recently owned by a developer, Neil Bower. Bower also owned two neighboring parcels, Parcel B and Parcel A. Parcel A sits to the east of Parcel B on Lake Road, while Parcel C sits to the west of Parcel B on Lake Road. The Bongers purchased Parcel A and Parcel B from Bower and built a home on Parcel A. Parcel B was undeveloped and the Bongers have retained it as an investment property. Parcel B conforms to the Avon Lake zoning regulations and is considered a buildable lot. The frontage requirement in an R-1 residential district, in which the parcels are situated, is 60 feet. Parcel C, although approximately 1.26

acres in size, does not conform to the frontage requirements. It has only 32.28 feet of frontage on Lake Road. From Lake Road, Parcel C travels north in a thin strip, widening into a flag or paddle shape at its northern end where it meets Lake Erie.

Between 2006 and 2008, Bower experienced a financial reversal and the bank foreclosed on Parcel C. Title to Parcel C eventually transferred to Sopramco CV 7, LLC. Green Sun entered into a contract with Sopramco to purchase Parcel C. Prior to closing, Green Sun sought a variance from the frontage requirement in order to allow construction of a large home.

On July 22, 2008, a hearing took place before a bare quorum of the Board. Although two of the members present voted in favor of the variance, a unanimous vote would have been necessary to approve the variance. As a result, the matter was tabled until the Board's next meeting. On August 26, 2008, the Board reconvened and the matter was presented to four of the Board's five members because one was recused due to a conflict of interest. After presentations by Redilla and the Bongers, along with their respective counsel, and after hearing testimony from area residents, the Board unanimously voted against the variance. According to Green Sun's brief and the trial court's order, Green Sun took title to Parcel C shortly after denial of the variance at the August Board meeting.

Green Sun, Redilla and Dolezal appealed to the Lorain County Court of Common Pleas. The Bongers filed an unopposed motion to intervene, which was granted. The trial court reversed the Board's decision, finding it unsupported by the weight of the evidence.

*Redilla v. Avon Lake, Bd. of Zoning Appeals,* 9th Dist. Nos. 09CA009731, 09CA009735, 2010-Ohio-4653, ¶ 2-5.

{¶3} The Bongers and the Board appealed. *Id.* at ¶ 6. In that appeal, we noted that while "the Board['s decision] considered all ten factors embodied in section 1217.07 of the Avon Lake Ordinances[,] [t]he trial court's decision * * * reviewed only the seven *Duncan* factors." *Id.* at ¶ 14. We concluded that:

the trial court erred in failing to fully review the whole record and all factors the Board considered when determining whether the Board's decision was appropriately supported. Moreover, the trial court appears to have reviewed the *Duncan* factors independently and substituted its judgment for that of the [Board]; instead, it should review the Board's decision and determine whether it is supported by a preponderance of reliable, probative and substantial evidence[.]

(Internal citations and quotations omitted.) *Id.* Accordingly, we "reverse[d] the decision of the trial court and remand[ed] the matter to the trial court so that it [could] review all the appropriate factors in light of the whole record and the established legal standard." *Id.*

{¶4} Upon remand, the trial court took additional briefing on the issue and issued a decision affirming the decision of the Board. Mr. Redilla, Ms. Dolezal, and Green Sun Research, LLC have appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO FOLLOW AND IMPLEMENT THE PROPER STANDARD OF REVIEW FOR A BZA DECISION.

{¶5} Mr. Redilla, Ms. Dolezal, and Green Sun Research, LLC essentially assert in their first assignment of error that the trial court committed reversible error in failing to comply with this Court's prior decision and in creating a judgment entry insufficient to permit appellate review. We agree.

{¶6} As noted above, in the prior appeal, we concluded that "the trial court erred in failing to fully review the whole record and all factors the Board considered when determining whether the Board's decision was appropriately supported." *Redilla*, 2010-Ohio-4653, at ¶ 14. We also stated that, although unclear, it appeared that, in reviewing the *Duncan* factors, the lower court did so independently and substituted its judgment for that of the Board. *Id.* Thus, we remanded the matter for the trial court to review the Board's decision and all of the appropriate factors in light of the entire record and legal standard and then determine if the Board's decision was supported by the preponderance of the reliable, probative, and substantial evidence. *Id.*

**{¶7}** Upon remand, the trial court took additional briefing on the issue and issued a brief entry that set forth no analysis, yet came to the opposite conclusion it did the first time. The entirety of the trial court's decision states:

> This matter is on remand from the Court of Appeals, Case No. 09CA009731 and 09CA009735. Based upon a review of the decision entered therein, the applicable standard of review, the supplemental briefs of the parties, and Avon Lake Zoning Ordinance Section 1217.01, the Court finds that the decision of the Avon Lake Board of Zoning Appeals is supported by a preponderance of reliable, probative and substantial evidence. The decision of the Avon Lake Zoning Board of Appeals is affirmed and Appellant[s'] request for a variance is denied. Costs taxed to Appellant.

**{¶8}** We are mindful that this Court is only granted a limited review of the matter:

> [R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on questions of law, which does not include the same extensive power to weigh the preponderance of substantial, reliable and probative evidence, as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence.

(Internal quotations and citations omitted.) *Redilla* at ¶ 10. Thus, in cases such as these, it is particularly important that the lower court's entry is detailed enough to allow this Court to conduct the review it is required to do pursuant to statute. The trial court's entry in this case does not demonstrate that it complied with our remand instructions. *See Budd v. Budd,* 9th Dist. No. 24899, 2010-Ohio-55, ¶ 5, 7. Nor does it offer an explanation for why the lower court reached the opposite result. Absent any explanation or analysis, such a change of course inherently seems arbitrary and unreasonable. Because of the lack detail and analysis in the entry before us, we cannot tell whether the trial court fulfilled its obligation under the statute, thereby preventing us from performing our more limited appellate review. *See MSRK, L.L.C. v. Twinsburg,* 9th Dist. No. 24949, 2012-Ohio-2608, ¶ 10. Accordingly, we sustain Mr. Redilla's, Ms. Dolezal's, and Green Sun Research, LLC's first assignment of error. We remand the matter

so that an appropriate review of the Board's decision can be conducted and an entry containing the trial court's full analysis can be generated so as to be capable of review by this Court.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DETERMINED THE BZA'S DECISION WAS NOT ARBITRARY, CAPRICIOUS, OR UNREASONABLE BECAUSE IT WAS CONFISCATORY AND UNCONSTITUTIONALLY BURDENSOME.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE BZA'S DECISION WAS SUPPORTED BY THE RECORD.

{¶9} Mr. Redilla's, Ms. Dolezal's, and Green Sun Research, LLC's remaining assignments of error assert that the trial court erred in affirming the Board's decision. Because our resolution of their first assignment of error has rendered their remaining assignments of error moot, we decline to address them. *See* App.R. 12(A)(1)(c).

## III.

{¶10} In light of the foregoing, the judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN P. SLAGTER and ANTHONY R. VACANTI, Attorneys at Law, for Appellants.

SHAWN W. MAESTEL and PATRICK J. MCINTYRE, Attorneys at Law, for Appellees.

DAVID M. GRAVES, Assistant Law Director, for Appellee.