[Cite as *Watson v. Cleveland*, 2017-Ohio-2982.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104374**

---

# DAVID D. WATSON

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-845662

**BEFORE:** Keough, A.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 25, 2017

**ATTORNEYS FOR APPELLANT**

John P. Slagter
Tara J. Rose
Anthony R. Vacanti
Buckingham, Doolittle & Burroughs
1375 East 9th Street, Suite 1700
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

**For City of Cleveland**

Barbara Langhenry
City of Cleveland Law Director
By: Carolyn M. Downey
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

**For East 123 St. Properties, Ltd.**

John W. Monroe
Bruce G. Rinker
Mansour, Gavin, L.P.A.
North Point Towers
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Appellant, David D. Watson, appeals from the trial court's judgment affirming the decision of the city of Cleveland Board of Zoning Appeals that granted four area variances to East 123 St. Properties Ltd. to allow it to build a six-story 204-unit apartment building on a small lot in Cleveland's Little Italy neighborhood. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## I.     Background

{¶2} East 123 St. Properties Ltd. is the owner of property located at 1862 East 123rd Street in Cleveland, Ohio. Visconsi Companies is the developer for the project at issue. The property is located in a B-2 semi-industrial district.

{¶3} In October 2014, Visconsi submitted a building permit application for the project to the city of Cleveland's building and housing department. The building and housing department denied the permit application and issued a notice of nonconformance.

{¶4} Visconsi appealed the notice of nonconformance to the city's Board of Zoning Appeals (the "Board"). The Board held a public hearing on January 5, 2015, and heard testimony from various interested parties. Many documents, exhibits, and correspondence were also submitted at the hearing. The Board held another lengthy hearing on May 4, 2015, where it heard additional testimony. After the hearing, the Board voted in favor of granting the requested variances for the project. The Board adopted and ratified its decision on May 11, 2015.

**{¶5}** Watson, who lives in a townhome directly across the street from the proposed project, appeared at the hearings and testified in opposition to the variances. He subsequently appealed the Board's decision to the common pleas court pursuant to R.C. Chapters 2505 and 2506. After the parties filed briefs, the trial court affirmed the decision of the Board. The trial court's decision in its entirety stated, "[t]he decision of the city of Cleveland Board of Zoning Appeals is hereby affirmed." Watson timely appealed the trial court's judgment.

**{¶6}** This court sua sponte returned the matter to the trial court for the court to conduct the review required by R.C. 2506.04 and enter a judgment capable of appellate review. In our journal entry, we explained that because of the lack of detail in the trial court's entry, we could not determine on what basis the trial court had affirmed the Board, and could not conduct the review required of us by statute in an administrative appeal.

**{¶7}** Upon remand, the trial court issued another entry affirming the Board's decision, this time stating:

> Pursuant to O.R.C. 2506.04 and based upon a review of the whole record and attendant briefs, this court finds the decision of the Cleveland Board of Zoning Appeals in this matter was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence. Therefore, the decision of the Board is hereby affirmed.

## II.     Law and Analysis

**{¶8}** In his second assignment of error, Watson contends that the trial court's decision affirming the Board should be reversed because its entry is insufficient to permit appellate review. We agree.

**{¶9}** The scope of the trial court's review in an appeal of a board of zoning appeals decision is set forth in R.C. 2506.04, which requires the trial court to examine the "evidence on the whole record" to determine if the agency's decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence" in the record. *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 23.

**{¶10}** As recognized by the Ohio Supreme Court, R.C. 2506.04 "requires" the trial court to examine the evidence in the record, "which in turn necessitates both factual and legal determinations." *Dudokovich v. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). The trial court "'must give consideration to the entire record * * * and must appraise all such evidence as to the credibility of the witnesses, the probative character of the evidence and the weight to be given it.'" *Id.*, quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 131 N.E.2d 390 (1955), paragraph one of the syllabus.

**{¶11}** The standard of review for the court of appeals in a R.C. 2506.04 appeal is much more limited in scope. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). The statute grants a limited power to the court of appeals to review the judgment of the common pleas court only on questions of law, which does not include the same extensive power to weigh the evidence as is granted to the trial court. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433. Within the ambit of questions of law for appellate court review is abuse of discretion by the trial court. *Id.*, citing *Kisil* at fn. 4. The appellate court has a duty to

affirm the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. *Cleveland Clinic Found.*, 141 Ohio St.3d 318 at ¶ 23; *Kisil* at 34.

**{¶12}** This case is not a simple, straightforward matter, and the record is lengthy. The Board held two lengthy hearings at which many witnesses testified and numerous exhibits were introduced. Even a cursory review of the record demonstrates conflicting testimony regarding whether the variances should be granted. Nevertheless, in affirming the Board's decision to grant the variances, the trial court's entry makes *no analysis whatsoever* of the evidence in the record. It does not discuss any relevant testimony, does not identify what evidence the trial court found important or credible in affirming the Board, and does not provide any analysis applying the relevant law to the evidence presented to the Board.

**{¶13}** Because the trial court's opinion does not identify nor analyze any evidence that might have supported the Board's decision, we would be required to perform a de novo review of the record to determine whether the Board's decision was, in fact, supported by a preponderance of reliable, probative, and substantial evidence, as the trial court found. That is not our role, however, in our review of a trial court's decision on an administrative appeal. "'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.'" *Henley*, 90 Ohio St.3d at 147, quoting *Lorain*

*City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

**{¶14}** A trial court is not required to issue a detailed opinion in an administrative appeal, nor is it required to issue findings of fact and conclusions of law pursuant to Civ.R. 52. *Warrensville Ctr., Inc. v. Warrensville Hts.*, 20 Ohio App.3d 220, 222, 485 N.E.2d 824 (8th Dist.1984). Nevertheless, "for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order." *Cross v. A-Best Prods. Co.*, 8th Dist. Cuyahoga No. 90388, 2009-Ohio-2039, ¶ 22. Here, absent any explanation or analysis by the trial court of the evidence in the record, or any evidentiary basis for its decision, we cannot perform our limited review.

**{¶15}** Accordingly, we sustain Watson's second assignment of error, reverse the trial court's judgment, and remand with instructions for the court to conduct the evidentiary analysis required by the statute and generate an entry capable of review by this court. See *Redilla v. Avon Lake*, 9th Dist. Lorain No. 12CA010204, 2013-Ohio-849, ¶ 8 (trial court's judgment stating only that the zoning board's decision was "supported by a preponderance of reliable, probative, and substantial evidence" reversed and matter remanded for trial court to conduct an appropriate review of the board's decision and enter a judgment containing the court's "full analysis" so as to be capable of review by the appellate court). Appellant's other assignments of error are rendered moot by our decision and therefore need not be considered. App.R. 12(A)(1)(c).

**{¶16}** Judgment reversed and remanded.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS