[Cite as *B.R. Knez Constr., Inc.*, 2019-Ohio-3149.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| B.R. KNEZ CONSTRUCTION, INC., | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2018-L-049** |
| CONCORD TOWNSHIP BOARD OF ZONING APPEALS, et al., | : | |
| | : | |
| Appellees, | : | |
| | : | |
| MOUNT ROYAL COMMUNITY ASSOCIATION, INC., | : | |
| Intervenor-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Case No. 2017 CV 000882.

Judgment:  Affirmed.


*Gillian Hall*, B.R. Knez Construction, Inc., 7555 Fredle Drive, Suite 210, Concord, OH 44077 (For Appellant).

*Michael C. Lucas* and *Stephanie E. Landgraf*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH  44094 (For Appellees).

*Christopher J. Freeman*, P.O. Box 4396, Copley, OH  44321 (For Intervenor-Appellee).


THOMAS R. WRIGHT, P.J.

{¶1}  Appellant, B.R. Knez Construction, Inc. (Knez), appeals the denial of its variance to build a home within a riparian setback, issued by appellee, the Concord Township Board of Zoning Appeals (Board).  We affirm.

{¶2} In 2016, Knez purchased an approximately 8.11-acre parcel of real property in Concord Township with the intent to divide the property into residential lots. The lot split application was submitted in June of 2016; approved by the Lake County Health Department in August of 2016; and divided into six parcels in November of 2016.

{¶3} In July of 2016, Concord Township amended its zoning resolution and adopted riparian setback provisions governing construction and other soil disturbing activities within riparian setbacks along watercourses in the township.

{¶4} After being denied a building permit for a single-family residence on one of the parcels, Knez sought a variance in March of 2017 from the newly enacted riparian provisions. The Mount Royal Community Association, Inc. (Mount Royal), a neighboring homeowner's association, opposed the variance based on its homeowners' concerns about increased water problems. After a hearing, the Board denied Knez's variance. Knez appealed to the court of common pleas, which affirmed the Board's decision.

{¶5} Knez raises four assignments of error:

{¶6} "[1.] The BZA's decision to deny minimal variances from the Riparian Setback Resolution was illegal, arbitrary, capricious, unreasonable, and unsupported by a preponderance of reliable, probative, and substantial evidence.

{¶7} "[2.] The trial court erred as a matter of law by failing to provide an entry with sufficient findings of fact and analysis to permit appellate review.

{¶8} "[3.] The trial court erred as a matter of law by failing to grant appellant's request for an evidentiary hearing even though it satisfied the requirements of R.C. 2506.03.

2

{¶9} "[4.] The trial court erred by affirming the BZA's decision because the BZA exceeded its authority and engaged in legislative activity when it denied appellant's variance request and effectively rezoned appellant's property to open space."

{¶10} R.C. 2506.04 dictates the trial court's and our standard of review when addressing an appeal from a final order by an administrative agency.

{¶11} "Pursuant to R.C. 2506.04, in reviewing an administrative appeal, the common pleas court weighs the evidence presented on the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Abdalla Ents. v. Liberty Twp. Bd. of Trustees,* 12th Dist. Butler No. CA2011-03-052, 196 Ohio App.3d 204, 2011-Ohio-5085, 962 N.E.2d 865, ¶ 14.

{¶12} "The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure * * *." R.C. 2506.04.

{¶13} "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. City of Sandusky,* 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).

{¶14} The appealing party has the burden of showing the decision is erroneous. *One Neighborhood Condominium Assn. v. City of Columbus, Dept. of Pub. Utilities, Div. of Water,* 10th Dist. Franklin No. 16AP-653, 2017-Ohio-4195, 92 N.E.3d 205, ¶ 13.

{¶15} Knez first argues the trial court erred because it provided ample evidence that it suffers "practical difficulty" in constructing a home on the property in compliance

3

with the township's regulations. The applicant seeking an area variance must establish practical difficulties in complying with applicable area zoning regulations if the variance is not granted. *Kisil v. City of Sandusky,* 12 Ohio St.3d 30, 465 N.E.2d 848 (1984) syllabus.

{¶16} "[A] property owner encounters 'practical difficulties' whenever an area zoning requirement (*e.g.,* frontage, setback, height) unreasonably deprives him of a permitted use of his property. The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable. * * * [N]o single factor controls in a determination of practical difficulties.

{¶17} "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.,* water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. * * *" *Duncan v. Village of Middlefield,* 23 Ohio St.3d 83, 86, 491 N.E.2d 692 (1986).

{¶18} Here, Knez sought a variance from sections 17.04(D) and 17.07(A) of the Concord Township Zoning Resolution in constructing a home in the R-1 Residential

4

Zoning District. The lot in question contains a category two wetland and a stream, which is a designated watercourse.

{¶19} The township enacted the riparian regulations to preserve and protect riparian areas and watercourses by establishing standards governing construction and other soil disturbing activities in a riparian setback along watercourses in the township.

{¶20} Section 17.04(D) states in part:

{¶21} "D. The following regulations shall apply in riparian setbacks:

{¶22} "* * *

{¶23} "2. Except as otherwise provided in this regulation, riparian setbacks shall be preserved in their natural state.

{¶24} "* * *

{¶25} "4. Where a wetland is identified within a minimum riparian setback, the minimum riparian setback width shall be extended to the outermost boundary of the wetland, plus the additional setbacks based upon the particular wetland category:

{¶26} "* * *

{¶27} "b. An additional minimum setback of thirty (30) feet extending beyond the outermost boundary of a category 2 wetland * * *."

{¶28} Section 17.07, entitled *Uses Prohibited in Riparian Setbacks,* states in part:

{¶29} "Any building, structure, use or related soil disturbing activity not authorized under these regulations shall be prohibited in riparian setbacks. By way of example, the following uses are specifically prohibited, however, prohibited uses are not limited to those examples listed here:

5

**{¶30}** "A. Construction. There shall be no buildings or structures of any kind, except as otherwise permitted under this Resolution."

**{¶31}** Section 17.08, *Variances within Riparian Setbacks*, provides:

**{¶32}** "A. The Board of Zoning Appeals may grant a variance to these regulations as provided herein. In granting a variance, the following conditions shall apply:

**{¶33}** "1. In determining whether there is unnecessary hardship with respect to the use of a property or practical difficulty with respect to maintaining the riparian setback as established in this regulation, such as to justify the granting of a variance, the BZA shall consider the potential harm or reduction in riparian functions that may be caused by a proposed structure or use."

**{¶34}** Knez claims it established practical difficulties because it is unable to construct a home on the property in compliance with the township's regulations.

**{¶35}** Knez's submitted home plan proposes an approximate 2900-square foot home with a one hundred percent encroachment of the 30-foot riparian setback. If the variance was granted, the property would have a zero-foot riparian setback instead of the 30-foot required setback for .046 acre of the property, or 12 percent of the total setback on the property. Knez argued that this was an unsubstantial variance with no impact on the surrounding properties' water issues. Upon considering the applicable factors, however, the Board found this variance substantial.

**{¶36}** Chad Edgar of the Lake County Soil and Water Conservation District argued that the impact was substantial. Edgar suggested Knez make the footprint of the home smaller or consider encroaching upon the applicable front and side setbacks instead of the riparian setback to minimize the impact on the various water issues. Edgar testified

6

that the water flowed from this lot into the yards of homes in the Mount Royal subdivision. Edgar also generally explained the negative impact granting the variance will have on the wetland, including likely increased storm water discharge and drainage issues.

{¶37} Several property owners from the neighboring Mount Royal subdivision testified about their water problems. They believed their issues would increase upon the construction of the proposed residence if the variance was granted. These homeowners also spoke about a water study they had commissioned. Mount Royal did not submit the study into evidence. To the contrary, Bo Knez testified that he believed that the topography of the area does not allow the water from the lot in question to flow into the yards of the adjacent Mount Royal property owners.

{¶38} Knez's expert, David Novak, testified that 75 percent of the lot is unbuildable due to the various required setbacks and since the wetland is on the property. Knez claims it is wholly deprived of the use of this property because the property cannot yield a reasonable return without the variance.

{¶39} Knez had two additional plans for the property, but it preferred the plan that was officially submitted because its placement of the home on the lot was consistent with the neighborhood and it was the most salable. Its preferred plan likewise only required one variance; whereas the two alternative plans each required more than one variance.

{¶40} And although Knez's two alternate plans were discussed during the hearing, one of the plans was not an option due to an encroachment of the wetland. And the other was not yet final, so the parties were unable to definitively address its viability or whether it would be approved. Regardless, the Board held that Knez could still yield a reasonable return on the property.

{¶41} There is no evidence showing that the lot is completely unbuildable as a result of the riparian provisions and the denied variance. Instead, the denied variance here likely results in denying Knez the best return on its investment.

{¶42} As for the increase in water problems for the Mount Royal property owners, the Board found the concerns and testimony of the Mount Royal homeowners compelling because it found that granting the variance would result in adverse effects on the neighboring properties, the stream, and the wetland. It also determined that substantial justice would not be done by granting the variance.

{¶43} The trial court did not disturb the Board's decision but affirmed, recognizing that there was competing evidence on most of the "practical difficulties" factors. The court correctly emphasizes that it is not permitted to substitute its decision for the Board's but is bound to defer to the Board's decision on evidentiary conflicts in the testimony. "[T]he Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. * * * [T]he court should defer to the determination of the administrative body, which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility." *Univ. of Cincinnati v. Conrad,* 63 Ohio St.2d 108, 111, 407 N.E.2d 1265 (1980).

{¶44} The Board and the trial court found that Knez was not unreasonably deprived of the use of its property. And based on our review of the arguments and the evidence, we do not find that the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial evidence as a matter of law. Knez's first assigned error lacks merit and is overruled.

{¶45} Knez's second assigned error claims the trial court erred as a matter of law by failing to conduct any analysis of the evidence in support of its decision. Relying on *Watson v. City of Cleveland,* 8th Dist. Cuyahoga No. 104374, 2017-Ohio-2982, Knez claims the trial court's lack of analysis precludes our ability to conduct the necessary appellate review. We disagree.

{¶46} "A trial court is not required to issue a detailed opinion in an administrative appeal, nor is it required to issue findings of fact and conclusions of law pursuant to Civ.R. 52. * * * Nevertheless, 'for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order.' * * *." *Watson, supra, at* ¶ 14.

{¶47} The Eighth District in *Watson* held that it was unable to conduct the necessary appellate review due to the lack of analysis by the trial court. The trial court in *Watson* issued a one-sentence decision.

{¶48} Unlike *Watson,* however, our review is not impeded by the trial court's allegedly limited analysis. Instead, the trial court spells out the parties' competing arguments and evidence supporting each of the "practical difficulties" factors in 11 pages of its 13-page decision. Although the court does not provide an in-depth analysis of each factor, it nevertheless identifies the competing arguments and evidence. It also correctly finds that it is not permitted to substitute its judgment for the Board's on credibility determinations in light of the conflicting testimony. Accordingly, Knez's second assignment lacks merit.

{¶49} Its third assignment contends reversible error based on the trial court's denial of Knez's request for an evidentiary hearing to supplement the record. The

variance request was heard during two hearing dates in April and May of 2017. The first hearing date was concluded with tabling the requested variance for a month to give Knez additional time and the option to submit alternative building plans. Knez was permitted to submit additional evidence at the second hearing date.

{¶50} Yet Knez argues it was denied the opportunity to present evidence regarding the timeline and its difficulties in securing the lot split. Knez also claims it was denied the opportunity to cross-examine the author of Mount Royal's water study, who was not present at the hearing. Knez made no request for additional time during either hearing date.

{¶51} Moreover, and as for its attempt to submit additional evidence relative to its timeline in splitting the lots, the Board did not find that Knez had actual notice of the recently enacted riparian provisions when Knez was dividing the lots, and the Board does not rely on this factor in its decision. The Board only finds that Knez was aware of the wetlands on the property.

{¶52} R.C. 2506.03(A) provides in part:

{¶53} "The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, *but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless* it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶54} "* * *

{¶55} "(2) The appellant was *not permitted to appear and be heard in person*, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, *and to do any of the following*:

{¶56} "(a) Present the appellant's position, arguments, and contentions;

{¶57} "(b) Offer and examine witnesses and present evidence in support;

{¶58} "(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

{¶59} "(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

{¶60} "(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

{¶61} "(3) The testimony adduced was not given under oath.

{¶62} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body." (Emphasis added).

{¶63} Here, neither the hearing transcript nor an affidavit shows that Knez was denied the opportunity to appear and present evidence at the hearing. To the contrary, Knez was represented by counsel and presented testimony and exhibits at both hearing dates. Bo Knez testified along with Knez's expert David Novak. At no point was Knez denied the opportunity to present evidence.

{¶64} Accordingly, the trial court correctly limited its review to the transcript consistent with the directive in R.C. 2506.03. *Sylvester v. Howland Tp. Bd. of Zoning*

11

*Appeals,* 34 Ohio App.3d 270, 272, 518 N.E.2d 36 (11th Dist.1986) (holding that a plain reading of the statute does not allow additional evidence unless a denial is shown via affidavit or the hearing transcript).

{¶65} Thus, the trial court did not err in failing to take additional evidence. Knez's third assigned error is overruled.

{¶66} Knez's fourth and final argument alleges the Board exceeded its authority and engaged in legislative activity by essentially rezoning Knez's property as open space based on its denial of the variance. We disagree. Knez discussed two alternate plans during the variance hearing, and although both alternatives likewise required variances, Knez had not at the time of hearing formally submitted either for approval, and as such, neither could be approved as an option. Moreover, as stated, Knez did not establish that this was the only viable house plan for this lot. Only one variance request was before the Board for its approval. Accordingly, Knez's fourth assigned error lacks merit.

{¶67} The trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

12