[Cite as *Lusardi v. Caesarscreek Twp. Bd. of Zoning Appeals*, 2020-Ohio-4401.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| BRIAN E. LUSARDI, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 2020-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-240 |
| | : | |
| CAESARSCREEK TOWNSHIP | : | (Civil Appeal from |
| BOARD OF ZONING APPEALS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of September, 2020.

. . . . . . . . . . .

BRIAN AND SHERRY LUSARDI, 85 West Main Street, Xenia, Ohio 45385
        Plaintiffs-Appellants, Pro Se

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385 and ANU SHARMA, Atty. Reg. No. 0081773, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
        Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Brian E. and Sherry Y. Lusardi filed an application for agritourism activity with the Caesarscreek Township Board of Zoning Appeals (BZA). The Lusardis wanted to offer corn mazes and hayrides and to host celebratory events, like agriculturally-themed weddings and receptions, on farm property they own. The BZA granted the application as to corn mazes and hayrides but denied it as to the proposed celebratory events, finding that the events did not constitute agritourism, because they were not agriculturally-related activities. The Lusardis filed an administrative appeal in the Greene County Court of Common Pleas, and the trial court affirmed the BZA's decision. The trial court did not abuse its discretion by affirming the BZA's decision, so we affirm the court's judgment.

## I. Factual and Procedural Background

{¶ 2} The Lusardis' farm property comprises 13.55 acres of agricultural-zoned property in Caesarscreek Township. On the property is a pole barn, a small out-building overlooking a roughly one-acre pond, a few acres of woodlands, and an eight-acre hay field that the Lusardis have tended and harvested for the last several years. The farm does not have livestock. Growing hay is the only agricultural activity.

{¶ 3} In 2016, Senate Bill 75 went into effect with the goal of encouraging the growth of agritourism in Ohio. The changes made by the bill included limiting the authority of a board of zoning appeals (among others) to prohibit agritourism through zoning, applying current agricultural-use valuation to land used for agritourism for property tax purposes, and establishing civil-law immunity for agritourism providers. The newly enacted immunity statute, R.C. 901.80, contains the definition of agritourism: " 'Agritourism' means an agriculturally related educational, entertainment, historical,

cultural, or recreational activity, including you-pick operations or farm markets, conducted on a farm that allows or invites members of the general public to observe, participate in, or enjoy that activity." R.C. 901.80(A)(2).

{¶ 4} In 2016, Caesarscreek Township amended its zoning law. The section governing agritourism, Section 324, requires an agritourism provider to "identify the educational, entertainment, historical, cultural and/or recreational relationship of the agritourism operation to the existing agricultural use of the property and the surrounding agricultural community in general." Caesarscreek Township Zoning Resolution, Section 324.2.

{¶ 5} In November 2018, the Lusardis filed an application to conduct agritourism activity on their farm property. The activities described in the application were corn mazes, hayrides, and celebratory events, like agriculturally-themed weddings and receptions. According to the application, "[t]he farm setting provides the spectacular visual background of farm fields and woodlands that exclusively take place on an actual farm; not a traditional wedding hall." The description further stated: "Designated areas at our farm within the hay field, corn maze, woods and/or forth coming pavilion can be used for anyone to celebrate an agriculturally themed event they wish to commemorate on that day."

{¶ 6} In December 2018, the BZA held a public hearing on the Lusardis' application. The Lusardis testified that the property would offer a tranquil setting in which guests could enjoy the scenery, walk the hay fields and woods, and learn about the various plant and wildlife via placards that would be strategically placed throughout the property. The guests could also have bonfires, play corn hole, fish, and do the kinds of

things that you can do only on a farm. Brian Lusardi testified that he wanted to have people get married outside, in the woods and in the hayfield, because they are beautiful.

{¶ 7} The zoning inspector for the township testified and urged the BZA not to grant the application as to the proposed celebratory events. The inspector said that he had examined the application and had discussed the matter with the Lusardis. He said that he had also looked at the definition of "agritourism" in R.C. 901.80 and looked at the requirements of Section 324 of the Caesarscreek Township Zoning Resolution. It was the zoning inspector's opinion that "the Lusardis' agritourism proposal is an attempt to circumvent [the] Ohio Revised Code and the Caesarscreek Zoning Resolution in order to run a non-agriculture based business on their agricultural zoned property." (Tr. 49.) According to the inspector, other than the rural setting, the agricultural relationship of the proposed activities, weddings and receptions, was "not agricultural education, agricultural entertainment, agricultural history, agricultural culture or agricultural recreation." (*Id.* at 48.) In short, "[a] wedding and reception event that is hosted on a property, as described, holds no basic relationship to the existing agricultural use of the property and the surrounding agricultural community in general." (*Id.*) Rather, "[a] wedding and reception venue is a business proposition, pure and simple, in which the agricultural use of the property is incidental, at best." (*Id.* at 49.)

{¶ 8} After the hearing, the BZA issued a decision granting the Lusardis' agritourism application as to corn mazes and hayrides but denying it as to the proposed celebratory events, finding that the events did not constitute agritourism, because they were not agriculturally-related activities. The Lusardis filed an administrative appeal in the

Greene County Court of Common Pleas. On January 16, 2020, the trial court affirmed the BZA's decision, saying:

> The facts are not disputed in this matter. The BZA's conclusion that weddings don't bear a general relevance to agriculture is. This Court does not find this conclusion to be unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of the substantial, reliable, and probative evidence on the whole record. It is understandable why the BZA approved the Lusardis' application for a corn maze and hay rides on their farm but denied it for celebratory events. Corn mazes and hay rides bear a reasonable relationship to agriculture.

{¶ 9} The Lusardis now appeal to this Court.

**II. Standard of Review**

{¶ 10} The standards of review used by a trial court and an appellate court in an administrative appeal are as follows:

> * * * "R.C. Chapter 2506 governs appeals to the courts of common pleas from final orders of administrative officers and agencies of political subdivisions, including municipal boards of zoning appeals. R.C. 2506.04 governs the standard of review the trial court must apply in such an appeal. It provides that 'the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.' The statute further provides that the court's judgment may be appealed by any party to the court of appeals 'on

questions of law.' " *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 22, quoting R.C. 2506.04.

"The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03 * * *." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). "Thus, R.C. Chapter 2506 confers on the common pleas courts the power to examine the whole record, make factual and legal determinations, and reverse the board's decision if it is not supported by a preponderance of substantial, reliable, and probative evidence." *Cleveland Clinic* at ¶ 24, citing *Dudukovich v. Lorain Metro. Housing Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

In contrast, the court of appeals has a standard of review that is "more limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). The court of appeals may "review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." *Id.* at 34, fn. 4, quoting R.C. 2506.04.

An " 'abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply

unreasonable, rather than decisions that are unconscionable or arbitrary."
*AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*,
50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*Penewit v. Spring Valley Bd. of Zoning Appeals*, 2d Dist. Greene No. 2019-CA-6, 2019-Ohio-3200, ¶ 18-21.

### III. Analysis

{¶ 11} The Lusardis assign four errors to the trial court:

1. "The trial court erred in affirming the Appellee's decision as a matter of law because the trial court failed to address the statutory construction of the Agritourism statute O.R.C. 901.80."

2. "The trial court erred in affirming the Appellee's decision as a matter of law because the trial court failed to provide any legal analysis whether celebratory events, such as hayfield weddings or farm-themed weddings constitute an agritourism activity under O.R.C. 901.80."

3. "The trial court erred in affirming the Appellee's decision as a matter of law because the trial court failed to address whether the Appellee applied the wrong standard for the criteria to determine if celebratory events, such as hayfield weddings or farm-themed weddings are considered agritourism activities under O.R.C. 901.80."

4. "The trial court erred in affirming the Appellee's decision because the trial court abused its discretion in concluding the Appellee's decision was supported by the preponderance of substantial, reliable and probative evidence."

## A. The trial court's decision, technically

{¶ 12} We begin with the first three assignments of error, considering them together. In these assignments of error, the Lusardis contend that the trial court failed to address how to construe the statutory definition of "agritourism," failed to analyze whether their proposed celebratory events satisfied the definition, and failed to address whether the BZA used the correct standard in its determination that the proposed celebratory events did not constitute "agritourism."

{¶ 13} "A trial court is not required to issue a detailed opinion in an administrative appeal, nor is it required to issue findings of fact and conclusions of law pursuant to Civ.R. 52. Nevertheless, 'for an appellate court to conduct a meaningful review, sufficiently detailed reasoning should be specified in the trial court's order.' " (Citation omitted.) *Watson v. City of Cleveland,* 8th Dist. Cuyahoga No. 104374, 2017-Ohio-2982, ¶ 14, quoting *Cross v. A-Best Prods. Co.*, 8th Dist. Cuyahoga No. 90388, 2009-Ohio-2039, ¶ 22. *Accord B.R. Knez Constr., Inc. v. Concord Twp. Bd. of Zoning Appeals*, 11th Dist. Lake No. 2018-L-049, 2019-Ohio-3149, ¶ 46. The trial court's decision here does not hamper our review. The court's ten-page decision lays out the parties' competing arguments and the evidence, and though the court does not provide an in-depth analysis, the basis for the court's decision is clear.

{¶ 14} Also, a trial court is not required to address each argument raised on appeal. *Abdalla Ents. v. Liberty Twp. Bd. of Trustees*, 196 Ohio App.3d 204, 2011-Ohio-5085, 962 N.E.2d 865, ¶ 15 (12th Dist.), citing *Dyke v. Shaker Hts.,* 8th Dist. Cuyahoga No. 83010, 2004-Ohio-514, ¶ 65. Instead, in reviewing the administrative appeal, the trial court was required merely to weigh the evidence presented on the whole record and

determine whether the administrative order was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Shields v. Englewood,* 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972, ¶ 28 (2d Dist.). It is clear to us that the trial court here properly applied this standard in its review.

{¶ 15} Because the court applied the appropriate legal standard when reviewing the BZA's decision, we see no technical problem with the court's decision. The first, second, and third assignments of error are overruled.

## B. The trial court's conclusion

{¶ 16} The fourth assignment of error challenges the trial court's ultimate conclusion: that the BZA's decision that the Lusardis' proposed celebratory events did not constitute agritourism was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence in the record. Our limited review considers only whether the trial court's conclusion was an abuse of discretion.

{¶ 17} R.C. 901.80(A)(2) defines "agritourism" as "an agriculturally-related educational, entertainment, historical, cultural, or recreational activity, including you-pick operations or farm markets, conducted on a farm that allows or invites members of the general public to observe, participate in, or enjoy that activity." The township's zoning law contains a similar definition. *See* Caesarscreek Township Zoning Resolution, Section 324.2. The BZA's position was that the proposed celebratory events (outdoor, farm-themed weddings and receptions) did not constitute "agritourism." It cited the definition of "agriculture" in R.C. 519.01, which includes "farming, ranching, algaculture; aquaculture;

apiculture; horticulture; viticulture; animal husbandry, including, but not limited to, the care and raising of livestock, equine, and fur-bearing animals; poultry husbandry and the production of poultry products; dairy production; the production of field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, sod, or mushrooms; timber; pasturage; any combination of the foregoing; and the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with, but are secondary to, such husbandry or production." Brian Lusardi testified that he and his wife wanted to "have people get married outside in the woods and in our hay fields because it's beautiful out there. They would—the guests would get to enjoy—we intend to put little placards out to talk about the fish, the poison ivy so people, they learn stuff. * * * Different kinds of trees, birds * * * so they can walk around and they can learn." (Tr. 37-38.) "Essentially," said Brian Lusardi, "it's in the setting * * * you have to have the farm in order to have a farm-themed wedding." (*Id.* at 38.) But none of this, the BZA pointed out, really relates to "agriculture." The Lusardis' property produces only hay, and the only connection to hay mentioned was that people could stand in the hay field during an event.

{¶ 18} The BZA did not see a connection between the rural venue and the agricultural activity occurring on the Lusardis' property. Just because an activity is done on agricultural property does not make it "agritourism" and is not, by itself, enough to make the activity "agriculturally related." The BZA pointed out that there was no evidence that any of the crops or flowers grown on the property would be used in the events and no evidence that the growing of hay was in any way connected to the proposed celebratory events. The BZA concluded that the Lusardis' proposal was for an event

venue with an incidental agricultural theme, rather than an agricultural activity with an incidental event.

{¶ 19} The evidence supported the BZA's decision. The Lusardis own some agricultural property on which they wanted to host celebratory events, like weddings and receptions. But these events had far more to do with the agricultural setting than with the agricultural activity on the property. As the zoning inspector pointed out, "[t]he application refers to the visual setting for a marriage ceremony and reception held on the farm." (*Id.* at 47.) And Brian Lusardi admitted as much when he told the BZA that "[e]ssentially, it's in the setting." (*Id.* at 38.)

{¶ 20} The Lusardis urge us to decide whether celebratory events constitute "agritourism" as a matter of law. We decline to do so. The BZA here did not decide categorically that celebratory events are not agritourism. Rather, it decided only that the celebratory events proposed by the Lusardis did not constitute agritourism. Whether a particular activity constitutes "agritourism" is an issue that shades to gray quite quickly, and it is clear from the hearing transcript that the BZA struggled with the decision. Given the great variety of factual situations, we decline to rule on whether celebratory events constitute "agritourism" as a matter of law.

{¶ 21} Given the facts in this particular case, however, we believe that it was reasonable to find that the proposed celebratory events did not constitute "agritourism." Consequently the trial court did not abuse its discretion by affirming the BZA's decision denying the Lusardis' application for agritourism activity as to the proposed celebratory events.

{¶ 22} The fourth assignment of error is overruled.

## IV. Conclusion

**{¶ 23}** We have overruled all of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Brian and Sherry Lusardi
Elizabeth A. Ellis
Anu Sharma
Hon. James A. Brogan, Visiting Judge